UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PLATINUM SPORTS, LTD., d/b/a
ALLSTARS', a Michigan corporation,
individually and on behalf of a
class of entities similarly situated,

    Plaintiff,

                                                 Case No. 11-14635
v.                                              Case No. 11-14637

RICK SNYDER, individually and in his
official capacity as the Governor of the State of       Hon. John Corbett O'Meara
Michigan, and BILL SCHUETTE, individually
and in his official capacity as the Attorney
General of the State of Michigan,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS'
MOTIONS FOR ATTORNEYS' FEES**

      Before the court are Defendants' motions for attorney fees in both of the above-captioned cases. Because of the virtually identical factual and legal background of these cases, the court will consider the motions together.

**BACKGROUND FACTS**

      The court granted Defendants' motions to dismiss these cases on May 24, 2012. In Case No. 11-14635 (Platinum Sports v. Snyder), Plaintiffs challenged the constitutionality of M.C.L. 125.2833, which regulates the content of outdoor signs on the premises of sexually oriented businesses. In Case No. 11-14637 (also Platinum Sports v. Snyder), Plaintiffs challenged the constitutionality of M.C.L. 252.318a and 252.306, which regulates the content of billboards that advertise a sexually oriented business. The relevant language of the two statutes is identical and

imposes the same restrictions on the content of on-premises signs and billboards advertising sexually oriented businesses.

The Platinum Sports cases are not the first time the constitutionality of these statutes has been addressed by the court. In ABCDE Operating LLC v. Snyder (No. 11-11426), this court found M.C.L. 125.2833 (sign statute) to be unconstitutional on its face and entered an order enjoining its enforcement on July 26, 2011. On August 25, 2011, the parties stipulated to a permanent injunction and the dismissal of the case. Specifically, the order states that "IT IS HEREBY ORDERED that judgment declaring that M.C.L. 125.2833 violates U.S. Const., Amend. I is entered for Plaintiff and Defendant is permanently ENJOINED from enforcing M.C.L. 125.2833."

Top Flight Entertainment, Ltd. v. Snyder (No. 11-13133), was filed on July 20, 2011, challenging the constitutionality of M.C.L. 252.318a and 252.306 (billboard statute). In light the court's order in ABCDE Operating, the parties stipulated to a permanent injunction and the dismissal of the case on August 25, 2011. The order states: **"IT IS HEREBY ORDERED** that judgment declaring that M.C.L. 252.318a violates U.S. Const., Amend. I (the First Amendment to the United States Constitution) is entered for Plaintiff and Defendants are permanently **ENJOINED** from enforcing M.C.L. 252.318a."

Another case challenging M.C.L. 252.318a, Flying Aces LLC v. Snyder (No. 11-12170), was also dismissed by stipulation of the parties on August 25, 2011. Plaintiffs' counsel is the same in all of these cases, including the two presently before the court. The two cases at issue here were filed on October 21, 2011, after the court issued the permanent injunctions in ABCDE Operating and Top Flight.

-2-

Plaintiff Platinum Sports, Ltd., is a "sexually oriented business" within the meaning of both the sign statute and the billboard statute, as it presents topless dancing. Plaintiff contends that a billboard company refused to display messages as requested by Plaintiff after the enactment of the statutes on April 1, 2011. Plaintiff also contends that its First Amendment rights have been "chilled" and that its has suffered damages as a result of its inability to post on-premises signs using imagery. Defendants sought dismissal of both cases, arguing that they are moot, the claims are not ripe, and that Plaintiff lacks standing.

The court granted Defendants' motions on mootness grounds, because not only has the court permanently enjoined the state from enforcing the statutes, but also the state has voluntarily agreed to this relief through a stipulated order of the court. See Friends of the Earth v. Laidlaw Environ. Serv., 528 U.S. 167, 189 (2000) ("A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."). Defendants now seek attorneys' fees pursuant to 42 U.S.C. § 1988.

## LAW AND ANALYSIS

The court may award the prevailing party in a § 1983 action attorneys' fees pursuant to § 1988. "Such fee awards to defendants are limited to instances of egregious misconduct by a plaintiff, based 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation . . . And, needless to say, if a plaintiff is found to have brought or continued such a claim in *bad faith*.'" Dubuc v. Green Oak Twp., 312 F.3d 736, 754 (6th Cir. 2003) (emphasis in original). In these cases, although the court found Plaintiff's arguments to be without merit, it cannot conclude that Plaintiff engaged in "egregious misconduct" by filing actions that are "frivolous, unreasonable, or without foundation." See id. ("A district court cannot engage in *post*

*hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."). A review of the papers reveals that Plaintiff has presented a good-faith argument for filing these actions. Accordingly, the court will deny Defendants' motions for attorney fees.

## **ORDER**

IT IS HEREBY ORDERED that Defendants' motions for attorneys' fees are DENIED.

                                                  s/John Corbett O'Meara
                                                  United States District Judge

Date: February 12, 2013

      I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 12, 2013, using the ECF system.

                                                  s/William Barkholz
                                                  Case Manager